MARY E. BELLES

v.

WALLACE ANDERSON AND CHARLES ANDERSON.

*Contract—Digging Well—Set-off.*

This court declines to interfere with the judgment for the plaintiffs in
an action to recover for digging a well.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Vermillion County; the
Hon. E. P. VAIL, Judge, presiding.

Mr. J. W. KEESLAR, for appellant.

Mr. G. W. SALMANS, for appellees.

WALL, J.   This was an appeal from a justice of the peace.
In the Circuit Court a jury was waived and the cause heard

by the court, resulting in a finding and judgment in favor of the plaintiffs for $54.95. The demand was for digging a well for the defendant.

It was not denied that the work was done, or that it was worth the sum charged. The only question was whether by an arrangement between the parties the sum so due was to be credited upon and deducted from a demand held or asserted by the defendant against the plaintiff Wallace Anderson

It appeared that Wallace Anderson was the tenant of defendant at the time the well was dug, and that there was a verbal agreement to continue the tenancy for another year upon certain conditions which need not be stated. The defendant insisted that these conditions had not been complied with, and required Anderson to vacate the premises.

As a defense to this action the defendant contends that while this work of digging the well was performed by both plaintiffs, yet by the understanding of all parties it was to be considered as done by Wallace alone, and to be regarded as a credit in his favor on the general account between him and the defendant, and that it should be so adjusted, the defendant further insisting that her account against Wallace Anderson was more than sufficient to cover this item and all others which he individually held against her.

The plaintiffs contended that the only arrangement ever made by which the charge was to be made a credit in favor of Wallace alone, was contingent upon the continuance of the tenancy for another year, in which case they admit it was to be so used; but they insist that as the tenancy was not so continued they are entitled to enforce the claim in their joint capacity.

The question thus presented was purely one of fact—upon which the evidence was conflicting. We think there is no sufficient reason to overrule the conclusion reached by the court, and as no questions of law arise upon the rulings during the trial, or otherwise, the judgment must be affirmed.

*Judgment affirmed.*